IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

        Plaintiff,                      No. 2:11-cv-2897 JFM (PC)

    vs.

A. TORRES,                             ORDER AND

        Defendant.                  FINDINGS & RECOMMENDATIONS

                                     /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss. Plaintiff opposes the motion. Also before the court is plaintiff's motion for default. On review of the motions, the pleadings filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

ALLEGATIONS IN THE COMPLAINT

A.    The Disciplinary Hearing

        On January 21, 2011, plaintiff, who is presently serving a 72-year sentence, was issued a Rules Violation Report ("RVR"), Log. No. 02-J-0211-044, charging him with distribution of a controlled substance, and placed in the solitary housing unit ("SHU") of California Correctional Facility in Vacaville, California pending a hearing on the distribution charge. Doc. No. 4 at 9, 15, 32.[1]

---

[1] A "court may consider material that the plaintiff properly submitted as part of the complaint . . ." and that is incorporated by reference. Lee v. City of Los Angeles, 250 F.3d 668,

1

1    On April 1, 2011, non-party Lt. Walker initiated a disciplinary hearing regarding plaintiff's distribution charge and was immediately informed by plaintiff's staff assistant that the "Investigative Employee's Report" ("IE Report") underlying the RVR was invalid. Doc. No. 4 at 18. Lt. Walker postponed the hearing pending the filing of a revised IE Report. Id.

The next day, on April 2, 2011, defendant Lt. A. Torres initiated a second disciplinary hearing regarding plaintiff's distribution charge. At the beginning of the hearing, Lt. Torres – like Lt. Walker the day before – was informed that the IE Report was invalid and that the first hearing was postponed pending the filing of a revised IE Report. Lt. Torres decided to proceed with the disciplinary hearing without a corrected IE Report based on time limitations and plaintiff's purported desire to not postpone the proceeding any further. Plaintiff's staff assistant was not present during this April 2, 2011 disciplinary hearing. At the conclusion of this hearing, Lt. Torres found plaintiff guilty of the distribution charge.

On May 17, 2011, plaintiff appeared before the Institution Classification Committee ("ICC") for sentencing on the distribution charge and was assessed a six-month mitigated term in the SHU, with the remainder of the term suspended. See Doc. No. 4 at 15, 20.

In total, plaintiff was housed in SHU from January 24, 2011 to May 17, 2011. Directly related to Lt. Torres's decision to proceed with the April 2, 2011 disciplinary hearing, plaintiff was housed in SHU for a total of 45 days, from the April 2, 2011 disciplinary hearing to the date of the ICC Hearing, when he was released from SHU.

B.   Appeal Log No. CMF-11-00552

Following the ICC hearing, plaintiff filed an appeal alleging due process violations with respect to the April 2, 2011 disciplinary hearing over which Lt. Torres presided. See Doc. No. 4 at 33-36. Specifically, plaintiff claimed Lt. Torres improperly conducted the hearing despite being aware of an incorrect IE Report and despite the absence of a staff assistant.

---

688 (9th Cir. 2001); Fed. R. Civ. P. 10(c).

On June 14, 2011, plaintiff's appeal, which was bypassed to the second level of review because it concerned a serious rules violation, was partially granted upon concluding that Lt. Torres improperly conducted the hearing without a staff assistant present. See Doc. No. 4 at 33-34. Plaintiff's conviction was vacated and he was granted a re-hearing. Id.

C.The July 28, 2011 Disciplinary Re-Hearing

At the July 28, 2011 disciplinary re-hearing, plaintiff's charge was reduced to possession of a controlled substance, a charge that did not warrant a SHU term. Doc. No. 4 at 20. The notes of this re-hearing reflect that "[a]lthough previous ICC of 5/17/11 was correct to assess the SHU term, the re-hearing renders their SHU term assessment invalid." Id.

D.Appeal Log No. CMF-11-01034

On August 25, 2011, plaintiff filed an appeal seeking restoration of any assessed good time credits and the SHU term, as well as compensation for each hour he was forced to serve in SHU due to Lt. Torres's finding of guilt on the distribution charge. See Doc. No. 4 at 22-25.

Plaintiff's appeal was initially rejected on August 26, 2011, and then granted in part at the first level of review on September 23, 2011. See Doc. No. 4 at 22, 26-28. It was determined that a modification order would issue to have plaintiff's claims as to the SHU term assessment reviewed by the ICC. In all other respects, plaintiff's appeal was denied.

On September 29, 2011, plaintiff appealed to the second level of review. Doc. No. 4 at 23. Plaintiff's appeal was rejected at the second level. Id.

On October 5, 2011, a Modification Order issued vacating the imposed SHU term. Doc. No. 4 at 19.

On October 13, 2011, plaintiff's appeal was rejected at the third level of review. Doc. No. 4 at 21.

/////

E.     Plaintiff's Grievance for Malicious Prosecution

On September 18, 2011, plaintiff filed an appeal accusing Lt. Torres of malicious prosecution. Doc. No. 4 at 7-9. By way of this appeal, plaintiff accused Lt. Torres of conducting a disciplinary hearing in violation of plaintiff's due process rights, resulting in unnecessary time spent in SHU and for which plaintiff now sought damages. In the body of this appeal, plaintiff clearly wrote that he was not appealing the guilty finding following the re-hearing, but was instead focusing solely on Lt. Torres's malicious prosecution.

Plaintiff's appeal was received by the Inmate Appeals Office on September 19, 2011, and screened out at the first level of review on September 20, 2011 for failure to attach the RVR charging plaintiff with distribution of controlled substances. Doc. No. 4 at 7, 11. The appeals coordinator had determined that plaintiff's appeal did not meet the criteria for a staff complaint and, thus, it was construed as a disciplinary issue. Id. at 11.

On September 21, 2011, plaintiff submitted a letter entitled "Rejection Error," in which he clarified that he was filing the appeal challenging Lt. Torres's malicious prosecution; he was not appealing the disciplinary re-hearing itself where he was found guilty of the lesser charge of possession of a controlled substance. Doc. No. 4 at 16.

On September 23, 2011, plaintiff submitted his appeal to the second level of review. Doc. No. 4 at 8. Plaintiff received his appeal back from the second level with no response. See id. at 8, 17.

On September 28, 2011, plaintiff submitted his appeal to the third level of review. Doc. No. 4 at 8. On October 14, 2011, plaintiff's appeal was rejected at the third level of review for bypassing the lower levels of review. Doc. No. 4 at 6, 8.

PROCEDURAL BACKGROUND

Plaintiff initiated this action on November 2, 2011 against defendant A. Torres and is proceeding on a first amended complaint filed November 9, 2011 setting forth claims that his Fourteenth Amendment Due Process and Equal Protection rights were violated when

defendant conducted a disciplinary hearing in violation of the California Code of Regulations ("CCR").  Plaintiff seeks damages and injunctive relief.

Defendant filed a timely motion to dismiss on August 23, 2012, which plaintiff opposes.  See Doc. Nos. 15, 16, 20.  In light of defendant's timely filing, plaintiff's August 9, 2012 motion for default will be denied.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

On May 22, 2012 and August 23, 2012, plaintiff received the notice required by Wyatt v. Terhune, 305 F.3d 1033 (9th Cir.2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Defendant seeks dismissal of the complaint on the following grounds: (1) plaintiff failed to exhaust his administrative remedies before filing suit; (2) the complaint fails to state a claim upon which relief may be granted; (3) the complaint does not contain a plain, concise

/////

statement of plaintiff's claims and allegations; and (4) plaintiff lied about his prior litigation history.

A.     Failure to Exhaust

Defendant first seeks dismissal of the complaint on the ground that plaintiff did not exhaust his administrative remedies as to the claim raised herein.

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to this rule, prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion also requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81 (2006).

The PLRA requires that administrative remedies be exhausted prior to filing suit. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). However, the exhaustion requirement is not jurisdictional, but an affirmative defense that may be raised by a defendant in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117–19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense. Id. at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust—a procedure closely analogous to summary

judgment—then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n. 14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims). Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." Jones, 549 U.S. at 218. In California, prisoners are required to lodge their administrative complaint on a CDC Form 602, which requires only that the prisoner "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit Court of Appeals adopted the standard enunciated by the Seventh Circuit, which provides that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin, 557 F.3d at 1120 (reviewing Arizona procedures), quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Thus, in California, "[a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120; accord, Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010).

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219. It is nonetheless appropriate to require that a prisoner demonstrate, through the administrative grievance process and consistent with the PLRA, that he has standing to pursue his claims against a particular defendant. "[A]t an

7

irreducible minimum, Art[icle] III [of the United States Constitution] requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" <u>Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982).

In his opposition, plaintiff argues that he attempted to exhaust his administrative remedies as to Lt. Torres's malicious prosecution, but his appeal was improperly screened out at all levels of review because it was reclassified as a disciplinary appeal instead of a staff complaint. If prison officials improperly screen out an inmate's appeals, the inmate cannot properly complete the grievance process, and thus, administrative remedies are unavailable. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 822–23 (9th Cir. 2010). To satisfy this exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." <u>Id.</u> at 823-24.

On review, the court concludes that plaintiff has met both requirements set forth by <u>Sapp</u>. He has shown that he did actually file a grievance concerning the matter at issue here at all levels of review and that it was screened out and/or rejected at each level of review as follows: (1) at the first level, plaintiff's appeal was screened out because it was deemed not to comply with a staff complaint and was instead construed as a disciplinary appeal, and plaintiff was granted leave to re-file his grievance; (2) at the second level, it was rejected without comment; and (3) at the third level, it was rejected for bypassing a lower level. Next, insofar as defendant may argue that the lower levels screened out the grievance pursuant to applicable regulations, defendant presents no argument as to this. It is unclear why plaintiff's grievance was not sufficient to proceed as a staff complaint, or why it was rejected at the second level of review. There is simply no argument set forth as to this issue. Defendant has failed to meet his burden here. <u>Wyatt</u>, 315 F.3d at 1119.

Accordingly, the court finds that plaintiff's attempts to exhaust his administrative remedies are sufficient, and the defendant's motion to dismiss should be denied as to this ground.

B.      Failure to State a Claim

   1.      Due Process Clause

Under the Fourteenth Amendment to the United States Constitution, no state shall deprive any person of life, liberty, or property without due process of law. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Although prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution, he is entitled to certain protections Id. at 556. These protections include the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied upon along with the reasons for the disciplinary action taken. Id.

These procedural protections apply, however, only when the disciplinary action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." (citations omitted)).

Placement in administrative or disciplinary segregation, in and of itself, does not implicate a protected liberty interest. See, e.g., Sandin, 515 U.S. at 486 ("[D]isciplinary segregation, with insignificant exceptions, mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody," and therefore, does not violate due process); Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (holding that pre-sentencing prisoner had no liberty interest in being free from administrative segregation). Sandin held that a thirty-day confinement in disciplinary segregation was "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," Sandin, 515 U.S. at

1  487, and did not "present a dramatic departure from the basic conditions of [the inmate's]
2  sentence." Id. at 485.

3        Sandin provides the following factors to determine whether a prison hardship is
4  atypical and significant: (1) whether the challenged confinement "mirrored those conditions
5  imposed upon inmates in administrative segregation and protective custody," thus comporting
6  with the prison's discretionary authority; (2) the duration of the confinement, and the degree of
7  restraint imposed; and (3) whether the state's action will invariably affect the duration of the
8  prisoner's sentence. Id. 515 U.S. at 486-87.

9        Plaintiff alleges no facts showing that his placement in SHU presented a dramatic
10 departure from the basic conditions of his life before that placement.  Plaintiff simply concludes
11 that his placement in segregation violated due process.  Plaintiff's segregation was comported
12 with the prison's discretionary authority.  Plaintiff was held in segregation for forty-five days
13 following the disciplinary hearing over which Lt. Torres presided, a period of time that was very
14 close to the constitutionally acceptable period in Sandin, and did not extend the length of
15 plaintiff's sentence.  The court therefore concludes that plaintiff's placement in SHU from the
16 April 2, 2011 disciplinary hearing until May 17, 2011 did not impose an "atypical and significant
17 hardship" to the ordinary incidents of plaintiff's life in relation to his 72-year sentence, such that
18 a liberty interest was created, and therefore, did not violate due process.

19       Insofar as plaintiff is alleging that defendant violated his constitutional rights for
20 failing to comply with state law, this does not state a claim cognizable here.  See, e.g., Buckley
21 v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to
22 be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th
23 Cir. 1999); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner's claims
24 based on allegedly false charges do not state a constitutional claim).  The mere failure of prison
25 officials to follow state law or prison policies does not rise to the level of a federal civil rights
26 violation.

     2. <u>Equal Protection Clause</u>

Defendant does not address plaintiff's equal protection claim. Nonetheless, pursuant to this court's screening authority pursuant to 28 U.S.C. § 1915A(a), the court will dismiss this claim for plaintiff's failure to allege any form of discrimination.

Because the court determines that dismissal is warranted for plaintiff's failure to state a claim, the court declines to consider defendant's remaining arguments for dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for entry of default is denied;

2. The Clerk of the Court assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that defendant's August 23, 2012 motion to dismiss be granted without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2012.

_/s/ [signature]_
UNITED STATES MAGISTRATE JUDGE

/014;hous2897.mtd