1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELVIN HOUSTON,

11            Plaintiff,                    No. 2:11-cv-2897 KJM JFM P

12       vs.

13   A. TORRES,

14            Defendant.                    <u>ORDER</u>

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19            On November 2, 2012, the magistrate judge filed findings and recommendations,

20   which were served on all parties and which contained notice to all parties that any objections to

21   the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

22   objections to the findings and recommendations.

23            In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

24   304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file,

25   the court finds the findings and recommendations to be supported by the record and by the

26   proper analysis as to plaintiff's claims based on the due process clause and on state law.

1

1    In the findings and recommendations, the magistrate judge rejects plaintiff's equal

2 protection claim by noting that plaintiff failed to allege any form of discrimination.   ECF No. 23

3 at 11.   In his objections, plaintiff argues that the court should read his complaint, with its

4 citation to state regulations concerning disciplinary proceedings, as alleging that he was denied

5 the protection of the regulations afforded to all other prisoners.  ECF No. 24 at 1.   Plaintiff does

6 not allege, however, he was intentionally singled out for different treatment than other similarly

7 situated inmates. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).   Nevertheless,

8 the magistrate judge erred in dismissing this claim without giving plaintiff leave to amend the

9 complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must

10 be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of

11 the complaint could not be cured by amendment.") (internal quotations omitted).   This court

12 expresses no view on the viability of any amended complaint.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  The findings and recommendations filed November 2, 2012, are adopted in

15 part;

16    2.  Defendant's August 23, 2012 motion to dismiss be granted as to plaintiff's due

17 process and state law claims without leave to amend;

18    3.  Plaintiff's equal protection claim is dismissed with leave to file an amended

19 complaint; and

20    4.  The case is referred back to the magistrate judge for further proceedings.

21 DATED:  February 11, 2013.

22

23 _____

24 UNITED STATES DISTRICT JUDGE

25

26