IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

        Plaintiff,                    No. 2:11-cv-2897 KJM JFM P

    vs.

A. TORRES,

        Defendant.              <u>ORDER</u>

                                /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On November 2, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis as to plaintiff's claims based on the due process clause and on state law.

1

1         In the findings and recommendations, the magistrate judge rejects plaintiff's equal protection claim by noting that plaintiff failed to allege any form of discrimination. ECF No. 23 at 11. In his objections, plaintiff argues that the court should read his complaint, with its citation to state regulations concerning disciplinary proceedings, as alleging that he was denied the protection of the regulations afforded to all other prisoners. ECF No. 24 at 1. Plaintiff does not allege, however, he was intentionally singled out for different treatment than other similarly situated inmates. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Nevertheless, the magistrate judge erred in dismissing this claim without giving plaintiff leave to amend the complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). This court expresses no view on the viability of any amended complaint.

         Accordingly, IT IS HEREBY ORDERED that:

         1. The findings and recommendations filed November 2, 2012, are adopted in part;

         2. Defendant's August 23, 2012 motion to dismiss be granted as to plaintiff's due process and state law claims without leave to amend;

         3. Plaintiff's equal protection claim is dismissed with leave to file an amended complaint; and

         4. The case is referred back to the magistrate judge for further proceedings.

DATED: February 11, 2013.

_____
UNITED STATES DISTRICT JUDGE

2