UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN HOUSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>A. TORRES,<br><br>        Defendant. | No. 2:11-cv-02897 KJM JFM (PC)<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

I.     INTRODUCTION

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Presently pending before the court is defendant's motion to revoke plaintiff's in forma pauperis status. ECF No. 30. For the reasons stated below, the court recommends granting the defendant's motion.[1]

/////

---

[1] The court notes that after defendant filed his April 4, 2013, reply brief, plaintiff, on April 17, 2013, filed a subsequent opposition to defendant's motion. ECF No. 35. On April 24, 2013, defendant filed a motion to strike plaintiff's subsequent opposition, and in the alternative responded to the contents thereof. ECF No. 37. The court finds that the instant motion to revoke in forma pauperis status can be resolved based on the moving papers, plaintiff's March 27, 2013, opposition, and defendant's April 4, 2013, reply. For that reason, this court has not considered the subsequent opposition filed by plaintiff on April 17, 2013, or defendant's response thereto, in making these findings and recommendations, and will therefore recommend granting defendant's motion to strike (ECF No. 37).

1

This action was filed on November 2, 2011. ECF No. 1. On March 19, 2012, plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was granted. ECF No. 9. On March 18, 2013, defendant filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). ECF No. 30. Plaintiff opposes the motion. ECF No. 32.

II.   ANALYSIS

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule. Under this rule, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121.

In support of his motion, defendant presents evidence that, prior to bringing this action, plaintiff brought three or more federal cases that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.[2] Defendant argues that the burden shifts to plaintiff to persuade the court that § 1915(g) does not apply.

Defendant provides PACER records of plaintiff's filings in the district and appellate courts, and identifies five cases as strikes for purposes of 28 U.S.C. § 1915(g). Defendant argues that each case was dismissed as frivolous or for failure to state a claim on which relief can be granted: (1) Houston v. MCI Telecommunications, Inc., Case No. 2:95-cv-01035-WBS-JFM (E.D. Cal.); (2) Houston v. Kukerall, Case No. 2:94-cv-00294-WBS-JFM (E.D. Cal.);

---

[2] In his motion, defendant requests that the court take judicial notice of eight separate court records. ECF No. 30-2. The documents submitted by defendant are of the type for which judicial notice is proper. Fed. R. Evid. 201. Specifically, the documents consist of matters filed as part of court proceedings as well as matters of public record. Accordingly, defendant's request for judicial notice will be granted.

(3) Houston v. Gomez, Case No. 2:94-cv-01671-DFL-JFM (E.D. Cal.); (4) Houston v. Gomez, Case No. 95-16825 (9th Cir. 1997); (5) Houston v. Sanchez, Case No. 96-15982 (9th Cir. 2010). ECF No. 30-1 at 3-4.

In his opposition, plaintiff does not contest the existence of these previously-dismissed lawsuits, and does not argue that any of these prior cases fail to qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g).[3]

For the reasons discussed below, the court finds that plaintiff has sustained three strikes under § 1915(g), and has failed to meet his burden of proving the actions do not qualify as "strikes." Therefore, the court recommends granting defendant's motion to revoke plaintiff's in forma pauperis status.

Defendant argues that plaintiff's first strike occurred in Houston v. MCI Telecommunications, Inc., Case No. 2:95-cv-01035-WBS-JFM (E.D. Cal.), on November 14, 1996, when the court dismissed plaintiff's complaint as frivolous. ECF No. 30-1 at 3; ECF No. 30-3 at 1-3; see also Case No. 2:95-cv-01035-WBS-JFM, ECF Nos. 5, 7.[4] In this action, plaintiff alleged that the "practice of branding his telephone calls violate[d] his federal constitutional and statutory rights." Case No. 2:95-cv-01035, ECF No. 5. The action was related to two other actions, and was initially stayed pending resolution of the lead case. Id. Following resolution of the lead case in which judgment was entered for all defendants, the court screened plaintiff's action pursuant to 28 U.S.C. § 1915A(b)(1),(2). Id. Noting that "[a] prisoner has no right of privacy concerning the information that he is incarcerated," the magistrate judge found that plaintiff failed to state a claim upon which relief could be granted and recommended dismissing plaintiff's action as frivolous. Id. The district court judge adopted the findings and

---

[3] Plaintiff argues that defendant's motion is untimely because it was filed one year after the court granted plaintiff's in forma pauperis status. ECF No. 32. The court finds that plaintiff's argument is without merit. Defendant was not served until June 7, 2012 (ECF No. 15), and his motion comes seven and a half months after his initial filing in this action. While defendant's motion was filed after plaintiff's in forma pauperis application was granted, this does not preclude a finding that plaintiff's status should now be revoked. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal. 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) ("IFP status may be acquired or lost during the course of the litigation").

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

recommendations in full, and plaintiff's complaint was dismissed as frivolous. Case No. 2:95-cv-1035, ECF No. 7. The court finds that this action counts as plaintiff's first "strike" within the meaning of § 1915(g).

Defendant argues that plaintiff's second strike occurred in Houston v. Kukerall, Case No. 2:94-cv-00294-WBS-JFM (E.D. Cal.), on March 4, 1997, when the court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. ECF No. 30-1 at 3; ECF No. 30-3 at 4-34. In this action, the defendant filed three separate Fed. R. Civ. P. 12(b)(6) motions to dismiss plaintiff's claims concerning the seizure of his manuscript, his alleged "unjustified placement in administrative segregation," and a change in his housing unit. ECF No. 30-3 at 12. The court granted the defendant's first two motions to dismiss with leave to amend. Id. at 12-15, 17-22. Noting that "[p]laintiff ha[d] made several attempts and been given several opportunities to properly state his claims," the magistrate judge ultimately found that plaintiff's third amended complaint should be dismissed for failure to state a claim upon which relief can be granted.[5] Id. at 27-28. The findings and recommendations were adopted in full and plaintiff's action was dismissed. Id. at 30-31. This court finds that this action therefore counts as plaintiff's second "strike" within the meaning of § 1915(g).

Defendant argues that plaintiff sustained his third strike in Houston v. Gomez, Case No. 2:94-cv-01671-DFL-JFM (E.D. Cal.), on August 31, 1997, when the court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. ECF No. 30-1 at 4; ECF No. 30-3 at 35-53. In this action, plaintiff alleged that the "defendants violated his constitutional rights by subjecting him 'to showering under the watchful eyes of female prison officials.'" ECF No. 30-3 at 46. The magistrate judge found that plaintiff's two claims, for a violation of his right of privacy and for a violation of his

---

[5] While the court in this action expressly dismissed only two of plaintiff's three claims for failure to state a claim upon which relief can be granted, the court finds the remaining claim was also dismissed for the same reason. The court found that plaintiff's remaining claim - that he was "robbed" of his manuscript - was not cognizable in federal court because a meaningful postdeprivation remedy in the state court system existed. ECF No. 30-3 at 27 (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Therefore, plaintiff failed to state a federal claim upon which relief could be granted.

rights to due process by failing to process his inmate appeals, both failed to state a claim upon which relief could be granted. Id. at 49-51. The magistrate judge also found that plaintiff could not amend his complaint to cure the defects. Id. at 51. The findings and recommendations were adopted in full by the district judge and plaintiff's complaint was dismissed. Id. at 42-43. Given the dismissal of plaintiff's complaint for a failure to state a claim upon which relief could be granted, the court finds that this action counts as plaintiff's third "strike" within the meaning of § 1915(g).[6]

The court finds that on three occasions prior to the time this action was filed lawsuits filed by plaintiff were dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief could be granted. Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, plaintiff alleges that defendant "knowingly held an illegal hearing against plaintiff in violation of C.C.R. 3320(c)(1)." Pl.'s Second Am. Compl. (ECF No. 28) at 4. Plaintiff further alleges that, during this hearing, defendant "found plaintiff guilty of distribution of [sic] controlled substance." Id. at 5. Finally, plaintiff alleges that, because of defendant's actions, "plaintiff served the punishment of a six-month administrative segregation." Id. Plaintiff seeks recovery in the form of money damages. Id. at 4.

The court finds that these allegations fail to show that plaintiff meets the "imminent danger of serious physical injury" exception to the bar to proceeding in forma pauperis. The gravamen of the above allegations is that plaintiff was wrongfully placed in administrative segregation for a period of six months and plaintiff alleges that he has already served this time. There is no indication of imminent harm to plaintiff, physical or otherwise, present within the allegations. Therefore, the court recommends that defendant's motion to revoke plaintiff's in forma pauperis status be granted.

---

[6] Because the court finds that the first three cases presented by defendant are dispositive to defendant's motion, the court does not reach any findings regarding the remaining two cases of Houston v. Gomez, Case No. 95-16825 (9th Cir. 1997), and Houston v. Sanchez, Case No. 96-15982 (9th Cir. 2010).

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice as stated in his motion to revoke plaintiff's in forma pauperis status (ECF No. 30-2) is granted; and

2. Defendant's April 24, 2013 motion to strike plaintiff's sur-opposition to defendant's motion to revoke plaintiff's in forma pauperis status (EFC No. 37) is granted.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Defendant's March 28, 2013 motion to revoke plaintiff's in forma pauperis status (ECF No. 30) be granted; and

2. Plaintiff be given twenty-one days to submit the appropriate filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hous2897.ifp